**FILED**

OCT **2 6** 2022

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  **4:22CR591-JAR/NCC** |
| | ) | |
| NIKIA A. FRENCH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INDICTMENT

The Grand Jury charges that:

### INTRODUCTION

At all times material to this Indictment, unless otherwise specified below:

1.      Defendant NIKIA A. FRENCH ("FRENCH") was a resident of St. Louis County,

Missouri, within the Eastern District of Missouri.

2.      Commerce Bank, the deposits of which are insured by the Federal Deposit

Insurance Corporation, was a financial institution within the meaning of Title 18, United States

Code, Sections 20 and 1344.

### The Scheme

3.      Beginning no later than in or around February 2022, and continuing through at least

in or around April 2022, in the Eastern District of Missouri and elsewhere, the defendant,

**NIKIA A. FRENCH**,

and others known and unknown to the Grand Jury, devised and intended to devise a scheme and

artifice to obtain moneys, funds, credits, assets, securities, and other property owned by, or under

1

the custody and control of, Commerce Bank, by means of materially false and fraudulent pretenses, representations, and promises.

## Manner and Means

4.      It was part of the scheme that FRENCH recruited and caused to be recruited individuals with bank accounts at Commerce Bank ("Account Holders") to aid and abet the scheme by allowing their Commerce Bank accounts to be used for the deposit of counterfeit checks.

5.      It was further part of the scheme that Account Holders provided debit cards, Personal Identification Numbers ("PINs"), and other banking information for their Commerce Bank accounts to FRENCH and other participants in the scheme.

6.      It was further part of the scheme that FRENCH made, obtained, and caused to be obtained counterfeit checks that were purportedly drawn on bank accounts of third parties, and that listed the names, addresses, and bank account information of these third parties.

7.      It was further part of the scheme that FRENCH caused the counterfeit checks to be made payable to Account Holders, without the knowledge or authorization of the third parties on whose bank accounts the counterfeit checks were purportedly drawn.

8.      It was further part of the scheme that FRENCH, using the debit cards and PINs belonging to Account Holders, conducted inquiries at Commerce Bank ATMs to determine whether Account Holders' Commerce Bank accounts were active and to determine the account balances.

9.      It was further part of the scheme that FRENCH, using the debit cards and PINs belonging to Account Holders, deposited and caused to be deposited what FRENCH knew to be counterfeit checks into Account Holders' Commerce bank accounts, for the purpose of fraudulently inflating the balances in those accounts.

2

10.     It was further part of the scheme that FRENCH, through the deposit of the counterfeit checks, caused Commerce Bank to "float" funds from the counterfeit checks—that is, Commerce Bank made available a portion or the full amount of the counterfeit checks before they had been cleared by the third parties' financial institution.

11.     It was further part of the scheme that FRENCH, shortly after Commerce Bank made funds from the counterfeit checks available but before Commerce Bank learned that the checks were counterfeit, caused the funds from the counterfeit checks to be depleted from the Account Holders' Commerce Bank accounts, through cash withdrawals at ATMs and purchases using the debit cards belonging to Account Holders.

12.     It was further part of the scheme that FRENCH provided and caused to be provided a portion of the funds from the counterfeit checks to Account Holders as payment for allowing their Commerce Bank accounts to be used for the deposit of counterfeit checks.

<u>COUNT I</u>
**Bank Fraud (18 U.S.C. § 1344(2))**

13.     Paragraphs 1 through 12 are realleged and incorporated by reference as if fully set forth herein.

14.     On or about February 15, 2022, in Affton, Missouri, in the Eastern District of Missouri, the defendant,

**NIKIA A. FRENCH**,

executed and attempted to execute the scheme and artifice described above, to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of a financial institution, as defined in Title 18, United States Code, Section 20, by means of material false and fraudulent pretenses, representations, and promises, in that FRENCH deposited and caused to be deposited a counterfeit check, bearing #3802 and purportedly drawn on Investors

3

Bank account #xxxxx6329, and made payable to Individual L.P. in the amount of $4,698.07, into

Commerce Bank account #xxxxx0359 in the name of Individual L.P., for the purpose of obtaining

money, funds, credits, assets, securities, and other property owned by, and under the custody and

control of Commerce Bank.

In violation of Title 18, United States Code, Section 1344(2).

## COUNT II
## Bank Fraud (18 U.S.C. § 1344(2))

15.     Paragraphs 1 through 12 are realleged and incorporated by reference as if fully set

forth herein.

16.     On or about February 15, 2022, in Affton, Missouri, in the Eastern District of

Missouri, the defendant,

## NIKIA A. FRENCH,

executed and attempted to execute the scheme and artifice described above, to obtain moneys,

funds, credits, assets, securities, and other property owned by, and under the custody and control

of a financial institution, as defined in Title 18, United States Code, Section 20, by means of

material false and fraudulent pretenses, representations, and promises, in that FRENCH withdrew

and caused to be withdrawn $1,000 from Commerce Bank account #xxxxx0359 in the name of

Individual L.P. through a cash withdrawal at an ATM, for the purpose of obtaining money, funds,

credits, assets, securities, and other property owned by, and under the custody and control of

Commerce Bank.

In violation of Title 18, United States Code, Section 1344(2).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1.      Pursuant to Title 18, United States Code, Section 982(a)(2), upon conviction of an

4

offense in violation of Title 18, United States Code, Section 1344, as set forth in Count I – II, the Defendant shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation(s). Subject to forfeiture is a sum of money equal to the total value of property, real or personal, constituting or derived from any proceeds traceable to such violation.

2. If any of the property described above, as a result of any act or omission of the Defendants:

      a.     cannot be located upon the exercise of due diligence;

      b.     has been transferred or sold to, or deposited with, a third party;

      c.     has been placed beyond the jurisdiction of the court;

      d.     has been substantially diminished in value; or

      e.     has been commingled with other property which cannot be divided without

difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

                        A TRUE BILL.


                        _____

                        FOREPERSON

SAYLER A. FLEMING
United States Attorney

_____

JONATHAN A. CLOW, #68003MO
Assistant United States Attorney